# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON

**THOMAS A. DRESCHER,**

    **Petitioner,**

v.                                                               **Case No. 2:16-cv-09517**

**DAVID BALLARD, Warden,**
**Mount Olive Correctional Complex,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On October 6, 2016, the petitioner, who is incarcerated at the Mount Olive Correctional Complex ("MOCC"), filed an "Appeal of Petitioner Thomas A. Drescher," which was docketed as a Petition for a Writ of Mandamus (ECF No. 1). This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

## THE PETITION

The petitioner's Petition, which is styled as an "Appeal" from a final judgment of the Supreme Court of Appeals of West Virginia ("the SCAWV"), seeks an Order reversing a decision of the SCAWV and requiring the respondent to permanently house the petitioner in special management at the Northern Correctional Facility ("NCF"). A review of the attachments to the petitioner's Petition indicates that Petitioner is a West Virginia Division of Corrections ("WVDOC") inmate serving a life without mercy sentence for First Degree Murder. The petitioner has been in WVDOC custody since 1987. He also has

detainers filed against him for a California murder conviction and an unspecified federal conviction. The petitioner was housed at MOCC from 1995 to November 20, 2015, when he was transferred to special management at NCF, after he was attacked by another inmate, Marvin Mills. However, on December 4, 2015, the petitioner was transferred back to MOCC and placed in segregated confinement on the Quilliams I segregation unit.

On December 11, 2015, the petitioner filed a Petition for a Writ of Mandamus in the SCAWV, seeking his return to NCF, and asserting that his life is in danger at MOCC, due to his role in obtaining changes to the WVDOC religious diet policy, Policy Directive 511.00, which became effective in December of 2013 (two years earlier). The respondent, by counsel, filed a response to the petitioner's mandamus petition filed in the SCAWV, indicating that there are underlying security concerns that prohibit the petitioner's continued housing at NCF, and that MOCC has the ability to house the petitioner safely in protective custody. The respondent further asserted that a writ of mandamus is not the proper avenue for such relief. (ECF No. 1, Attach. 5 [Ex. No. 4]).

On September 21, 2016, the SCAWV refused the petitioner's Petition for a Writ of Mandamus. (ECF No. 1, Attach. 3 [Ex. No. 2]). It is from that decision that the petitioner attempts to "appeal" to this federal court. The petitioner's Petition asserts that he has "a liberty interest in avoiding Q's [the segregation units at MOCC] due to the extreme conditions there and by consequence, [is] unable to properly engage in his religious practice or participate in other remedial or rehabilitative programs, since none are offered to inmates housed in the Q's." (ECF No. 1 at 5). The petitioner further asserts that he has been denied due process because he was not afforded a hearing prior to his transfer. (*Id.*) The petitioner also claims that his transfer has resulted in a substantial burden on his religious practice, and that a less restrictive means is available by placing him in special

management at NCF, and that he has been treated differently than other similarly situated inmates, particularly other Hare Krishnas, who are housed at NCF and are able to regularly participate in religious programs conducted with outside Hare Krishna clergy. (*Id.* at 5-7). Finally, the petitioner claims that his return to MOCC has "forced him to live in the dangerous, immediate proximity" of his enemies, placing his life at risk. (*Id.* at 6). Thus, he contends that the SCAWV "erred when it failed to render an opinion or give any reason for the denial of Petitioner's Writ of Mandamus" and he requests that "his Appeal be granted in full" and that he be returned to custody at NCF. (*Id.* at 5, 8).

## STANDARD OF REVIEW

The court is obliged to construe *pro se* pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Nevertheless, as the party asserting jurisdiction, the burden of proving subject matter jurisdiction lies with the petitioner. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

A district court must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim. Fed. R. Civ. P. 12(h)(3); *Duffield v. Memorial Hosp. Ass'n,* 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Medical Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez*, 210 F.3d 389 (10th Cir. 2000) (permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).

## ANALYSIS

### A. The Rooker-Feldman Doctrine prohibits this court's review of the plaintiff's claims.

The Supreme Court made clear in *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), that "federal courts are divested

of jurisdiction 'where entertaining the federal claim should be the equivalent of an appellate review of the state court order.'" *Friedman's Inc. v. Dunlap*, 290 F.3d 191, 196-98 (4th Cir. 2002) (quoting *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997)); *Plyler v. Moore*, 129 F.3d 728, 733 (4th Cir. 1997) (*Rooker-Feldman* applies when the federal action "essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court"). More recently, the Supreme Court reiterated that the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff is essentially challenging a decision made by the SCAWV and that this court's review of that decision amounts to an appeal therefrom, which is barred by the *Rooker-Feldman* doctrine. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge dismiss the plaintiff's petition for lack of jurisdiction under the *Rooker-Feldman* doctrine.

### B. This court cannot grant mandamus relief against state officials.

The present petition essentially seeks mandamus relief directed to the respondent, to transfer and permanently house the petitioner at NCF. Title 28, United States Code, Section 1361, provides as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff. [Emphasis added.]

4

A writ of mandamus "will issue only where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *Central South Carolina Chapter, Soc. of Professional Journalists, Sigma Delta Chi v. United States District Court for the District of South Carolina,* 551 F.2d 559, 562 (4th Cir. 1977).

To the extent that the petitioner could even identify any clear and indisputable duty owed to him by the respondent, a federal writ of mandamus will not lie to compel a state officer to perform a duty owed to a petitioner. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that there is no jurisdiction for this United States District Court to issue a writ of mandamus directed to WVDOC employees.

For the foregoing reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's Petition (ECF No. 1) for lack of subject matter jurisdiction.

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner.

May 17, 2017

Dwane L. Tinsley
United States Magistrate Judge